IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRENT L. ALFORD,**

    **Petitioner,**

    v.                              CASE NO. 20-3003-SAC

**SAM CLINE, Warden,**
**El Dorado Correctional Facility,**

    **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se and has paid the filing fee.

**Background**

Petitioner was sentenced in the Sedgwick County District Court in August of 1993, in Case No. 93-CR-401. On appeal, the Kansas Supreme Court affirmed Petitioner's sentences. *State v. Alford*, 896 P.2d 1059 (Kan. 1995).

Petitioner previously filed a petition under § 2254 on allegations of error related to his state conviction in Case No. 93-CR-401. *See Alford v. Cline*, Case No. 11-3062-SAC. The Court dismissed the petition as time-barred on June 2, 2011. *Id.* at ECF No. 4. On August 2, 2016—more than five years later—Petitioner filed a motion for relief from void judgment, which was denied on January 24, 2017. *Id.* at ECF No. 9. Petitioner appealed the district court's denial of his Rule 60(b) motion. The Tenth Circuit concluded that reasonable jurists could not debate the correctness of the district's court's decision, declined to issue a certificate of appealability ("COA"), and dismissed the matter. *Alford v. Cline*, 696 F. App'x 871 (10th Cir. 2017).

Petitioner filed another habeas petition in 2019, this time under § 2241. *See Alford v. Cline*, Case No. 19-3059-SAC. The Court, however, found that he was challenging the validity of his conviction and thus construed the petition as a § 2254 action. The Court further found it was a second or successive action under § 2254, which required Petitioner to first obtain authorization from the circuit court of appeals before this Court could consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without such authorization, "[a] district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). Because Petitioner had not obtained prior authorization, the Court dismissed his petition.

**Analysis**

This petition is Mr. Alford's third under § 2254. His initial petition was dismissed as time-barred. While a habeas petition filed after an initial petition was not adjudicated on its merits is not a second or successive petition (*see Slack v. McDaniel*, 529 U.S. 473 (2000)), the Tenth Circuit has found that dismissal as time-barred is a dismissal on the merits. *See McDowell v. Zavaras*, 417 F. App'x 755 (10th Cir. 2011) (collecting cases from other circuits). Therefore, this subsequent habeas petition challenging the same convictions is second or successive. *Id*.

A prisoner may not file a second or successive action under § 2254 without first obtaining authorization from the circuit court of appeals allowing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Without such authorization, the Court does not have jurisdiction to address the merits of Mr. Alford's § 2254 petition. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

When a district court receives a successive petition without the necessary authorization, the court may either dismiss it for lack of jurisdiction or transfer it to the circuit court in the interest

of justice. *Id*. at 1252.  Factors the Court considers in deciding whether a transfer is in the interest of justice include "whether the claim would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *Id.* at 1251 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)).  In the present case, the Court finds grounds to transfer the action to the Tenth Circuit Court of Appeals.

While Petitioner should have been well aware that he needed to request authorization from the Tenth Circuit before filing a petition here, he has a basis for questioning the time bar.  Petitioner points to the Tenth Circuit's ruling in *Strong v. Hrabe*, 750 F. App'x 731 (10th Cir. 2018).  In *Strong*, the petitioner filed a § 2254 petition in this Court thirty-five (35) years after his conviction. Mr. Strong argued the one-year statute of limitations provided for by 28 U.S.C. § 2244(d)(1) was tolled under § 2244(d)(2) because he had filed a post-conviction motion which remained pending in state district court.  The Tenth Circuit agreed with Mr. Strong that the motion was a "properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim" and therefore the statute of limitations was tolled.  *Id*. at 736.

In this case, Mr. Alford filed a motion to reconsider the state district court's denial of his state habeas action at the same time he filed a notice of appeal on April 1, 1998, within the AEDPA limitation period.  The state court has never ruled on his motion to reconsider.  *See Alford*, 696 F. App'x at 872.  Therefore, it is possible that Mr. Alford's petition is not time-barred.

The Court finds that in the interest of justice, the petition should be transferred to the U.S. Court of Appeals for the Tenth Circuit for its determination on whether Petitioner may proceed.

4

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is an unauthorized second or successive petition under 28 U.S.C. § 2254, which this Court lacks jurisdiction to consider. All pending motions (ECF Nos. 4, 5, 9, and 11) are denied.

**IT IS FURTHER ORDERED** that this matter is transferred to the U.S. Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631 for its determination on whether this successive application for habeas corpus relief may proceed.

**IT IS SO ORDERED**.

Dated in Topeka, Kansas, on this 22nd day of May, 2020.

s/ Sam A. Crow
**SAM A. CROW**
**SENIOR U.S. DISTRICT JUDGE**
